IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff-Respondent, | § | |
| | § | |
| v. | § | Cr. No. C-07-390-1 |
| | § | |
| ROSENDO MARTINEZ-FLORES, | § | |
| | § | |
| Defendant-Movant. | § | |

## ORDER DENYING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE AND DENYING A CERTIFICATE OF APPEALABILITY

Pending before the Court is Rosendo Martinez-Flores' motion for sentence adjustment which was received by the Clerk on January 13, 2010. D.E. 88. The Court construes the motion as one to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth herein, the motion is DENIED.

### I. BACKGROUND

Martinez-Flores pled guilty to Count 1 of the indictment charging him with possession with intent to distribute a controlled substance, *i.e.*, 32 kilograms of cocaine. D.E. 38. He was sentenced in April 2008 to 120 months imprisonment. D.E. 69. He appealed his sentence. The Fifth Circuit affirmed. D.E. 65, 83.

Martinez-Flores then filed a § 2255 motion challenging his sentence on multiple grounds, including his status as a deportable alien. D.E. 85. By Order entered July 9, 2009 (D.E. 86), the Court dismissed Martinez-Flores' motion to vacate, set aside, or correct sentence. Final judgment was entered on the same date. D.E. 87.

More than three years after his guilty plea, after direct appeal, and dismissal of his initial §

1

2255 motion, Martinez-Flores has now filed his motion for sentence adjustment claiming that his status as a deportable alien creates more severe conditions of confinement than are imposed on non-alien defendants. The motion does not state the legal authority for the relief sought.

The motion seeks relief that is only available to Martinez-Flores pursuant to § 2255. The Court concludes that it is not necessary to order a government response to Martinez-Flores' motion pursuant to § 2255 because "it plainly appears from the motion . . .and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS. Martinez-Flores' claim is subject to dismissal because it constitutes a second or successive § 2255 motion and he has not obtained the requisite permission from the Fifth Circuit to file it in this Court. Absent such permission, this Court is without authority to address this claim.

## II. DISCUSSION

### A. Second or Successive § 2255 Motions

In pertinent part, 28 U.S.C. § 2255(h) provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

The Fifth Circuit has explained that a subsequent § 2255 motion is "second or successive" when it:

>    (1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or
>
>    (2) otherwise constitutes an abuse of the writ.

United States v. Orozco-Ramirez, 211 F.3d 862, 867 (5th Cir. 2000) (internal citations and quotations omitted).  The Orozco-Ramirez court noted that if the facts underlying a claim occurred before the initial § 2255 motion, and thus could have been raised in the initial motion, a movant is not entitled to assert that claim in a subsequent motion. Id. at 869. The claim Martinez-Flores brings is one he brought in his original § 2255 motion.

   Notably, where a claim is second or successive, the movant is required to seek, and acquire, the approval of the Fifth Circuit before filing a second § 2255 motion before this Court.  See Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000); 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Martinez-Flores' motion does not indicate that he has sought or obtained such permission.  Until he does so, this Court does not have jurisdiction over any claim that could have been brought in his first § 2255 motion. Martinez-Flores does not address the problem of a second or successive motion, instead he titles his motion as one seeking a sentence adjustment and does not state the basis of his claim to relief.

The claim raised in Martinez-Flores' Motion for Sentence Adjustment is a second or successive claim and is DISMISSED. Orozco-Ramirez, 211 F.3d at 869 (district court properly dismissed second or successive claim).

**B.     Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Martinez-Flores has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A COA "may issue. . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the

district court was correct in its procedural ruling." <u>Slack</u>, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that Martinez-Flores is not entitled to a COA on any of his claims. That is, reasonable jurists could not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. <u>See</u> <u>Jones</u>, 287 F.3d at 329.

## IV.  CONCLUSION

For the foregoing reasons, Martinez-Flores' claim that his sentence should be adjusted because of his status as a deportable alien (D.E. 88), which is construed as a motion pursuant to 28 U.S.C. § 2255, is DISMISSED. Additionally, Martinez-Flores is DENIED a Certificate of Appealability. The Clerk is instructed to make the administrative changes necessary in light of the Court's construction of the motion.

It is so **ORDERED.**

**SIGNED** on this 2nd day of May, 2012.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE